UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

-------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

-------------------------------------------------------------X

**ORDER**

14 MC 41

## CASE MANAGEMENT ORDER NO. 1

### INTRODUCTION

On October 29, 2012, the weather event officially designated as Hurricane Sandy made landfall in southern New Jersey, causing severe damage to several states along the East Coast from Florida to Maine.[1]  The storm surge struck New York City, causing property damage in excess of $50 billion, leaving many people homeless and without power.

Currently, more than 800 actions have been filed by property owners in the United States District Court for the Eastern District of New York against various insurers and more cases are expected.  The Board of Judges has appointed a committee, consisting of three magistrate judges (the "Committee"), to recommend procedures to ensure proper case filing and relation practices, to establish a plan for expedited discovery, and to facilitate the efficient resolution of these matters in a manner designed to avoid duplication of effort and unnecessary expense.  Nothing in this Case Management Order is intended to slow the resolution of any case.  Individual cases that are at an advanced stage should not be delayed needlessly as a result of this Order, and counsel are encouraged to employ their own resources in attempting to resolve these cases.

In an effort to explore possible ways in which these matters may be managed more

---

[1] *Hurricane Sandy One Year Later*, FEMA, http://www.fema.gov/hurricane-sandy.

effectively, the Committee requested certain basic data about the pending cases from plaintiffs' counsel and obtained written submissions from both plaintiffs' and defendants' counsel setting forth their positions on the best ways to organize and streamline case management. On February 5, 2014, the Committee met with counsel representing all parties to these cases to solicit input and suggestions.

In entering this Case Management Order, the Committee is cognizant of the various interests that need to be balanced here. On the one hand, the Court must ensure that victims of the storm, many of whom were rendered homeless for a time and who may be left without the necessary records or access to qualified contractors to effect repairs, receive an expeditious review of their claims, while at the same time, safeguarding insurers from meritless or inflated claims. As the letters filed by counsel demonstrate, however, there is no universal approach that will facilitate a speedy and fair resolution to these cases. The Court has taken certain steps to ease the burden and expense upon the litigants and the Court. For example, the Court entered consolidated *pro hac vice* orders eliminating the need for out-of-district counsel to file such motions for every case. In addition, with the approval of the Board of Judges, the Court enters the following Order:

I.      Appointment of Liaison Counsel

In order to conduct future case management activities more efficiently, the Committee hereby designates Liaison Counsel to assist the Court in coordinating the efforts of all parties.

A. Plaintiffs' Liaison Counsel - The Committee has designated Tracey Rannals Bryan of Gauthier Houghtaling & Williams, and Javier Delgado of Merlin Law Group as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall forward to all plaintiffs' counsel any communication that is designated by the Court as non-case specific.

B. Defendants' Liaison Counsel - The Committee has designated Gerald J. Nielsen of

2

Nielsen, Carter & Treas, LLC, and Jared T. Greisman of White Fleischner & Fino, LLP as

Defendants' Liaison Counsel.  Defendants' Liaison Counsel shall forward to all defendants'

counsel any communication that is designated by the Court as non-case specific.


II.    Misjoinder of Plaintiffs

As an initial matter, the Committee's review of the cases that have been filed to date has

revealed that there remain a number of "mass joinder" cases, where plaintiffs joined large groups of

property holders in one complaint,[2] with the only common factor being that the property owners

held insurance policies with the same insurance company.  The Committee has identified a number

of these misjoined cases that are listed in Exhibit A attached hereto.  Several district judges, *sua*

*sponte,* dismissed similar complaints without prejudice to refiling, based upon their determination

that the plaintiffs were impermissibly joined.  See, e.g., Funk v. Allstate Ins. Co., No. 13 CV 5933

(JS) (GRB) (E.D.N.Y. Dec. 13, 2013); Dante v. National Flood Ins. Program, No. 13 CV 6297

(NG) (RER) (E.D.N.Y. Nov. 21, 2013).

Accordingly, IT IS HEREBY ORDERED that within 14 days of the date of this Order,

counsel shall dismiss all plaintiffs except the first named plaintiff in each misjoined action listed in

Exhibit A hereto, without prejudice to refiling in accordance with this Order's Case Relation Rule

set forth below.

IT IS FURTHER ORDERED that within 14 days of this Order, the parties shall provide the

---

[2]In its submission to the Committee, plaintiffs' counsel suggested that not only would it be
"convenient and efficient" to proceed by joining the plaintiffs in this manner, but that "it would
also result in a considerable savings to the parties in terms of filing fees."  No. 14-MC-41, Entry
65.  This Court has previously ruled that plaintiffs cannot avoid paying statutorily-mandated filing
fees through improper mass joinder.  See In re BitTorrent Adult Film Copyright Infringement
Cases, Nos. 11 CV 3995, 12 CV 1147, 12 CV 1150, 12 CV 1154, 2012 WL 1570765, at *12-13
(E.D.N.Y. July 24, 2012), *report and recommendation adopted sub nom.* Patrick Collins, Inc. v.
Doe 1, 288 F.R.D. 233 (E.D.N.Y. 2012).

Committee with a list of any additional cases (not listed in Exhibit A) in which plaintiffs continue

to be joined improperly solely because they share a common defendant, and dismiss all but the first

named plaintiff in those cases in accordance with this Order.

III.   Relation and Consolidation of Cases

In soliciting filings from counsel, the Committee directed counsel to "file a letter in

accordance with Local Rule 50.3.1(d) (the "Case Relation Rule"), explaining how counsel proposes

to group the cases."  To date, no attorney has proposed a comprehensive plan for relating the cases

and several have specifically opposed relation or consolidation of any cases.  Notwithstanding these

positions, the Committee has determined that, based on the information available, one subgroup of

cases will benefit from relation to a single judicial officer.

A.   Cases Relating to the Same Property

In a number of instances, multiple cases have been filed relating to the same property, most

often where the property is insured under separate policies, such as wind and flood damage policies

("Common Property Cases").  The Committee has compiled a preliminary list of Common Property

Cases, attached as Exhibit B to this Order.

Although some counsel have opposed relation or consolidation of the Common Property

Cases, the Committee, after careful consideration, has determined that there would be a significant

savings of judicial resources if multiple cases relating to the same property were assigned to the

same district judge and magistrate judge under the Case Relation Rule.  Damages to a particular

structure, edifice or property may involve common questions of fact which potentially could be

resolved by joint inspections and experts.  Relating the cases that deal with a single property to the

same judges may also eliminate the risk of inconsistent determinations.

The Committee makes no recommendation with regard to the question of whether any of

the Common Property Cases should be otherwise consolidated for purposes of discovery and/or trial. That decision will be left to the assigned judges.

Accordingly, IT IS HEREBY ORDERED that within 14 days of the date of this Order, all cases relating to the same property, listed in Exhibit B hereto, shall be deemed related under the Case Relation Rule, and assigned to the district judge and magistrate judge currently assigned the lowest docket number.[3]

IT IS FURTHER ORDERED that within 14 days of this Order, the parties shall provide the Committee with a list of any other Common Property Cases (not listed in Exhibit B) that should be related in accordance with this Order.

B.    Cases Subject to Certain Common Defenses

Counsel for defendants have identified several state law claims common to many of plaintiffs' cases, which defendants contend should be dismissed, including, *inter alia*, state law claims alleging bad faith or negligent claims handling, certain forms of relief, such as punitive damages, treble damages, and/or attorneys' fees, and requests for jury trial. A number of district judges have already dismissed such claims, finding that the allegations are not viable under New York law. See, e.g., Funk v. Allstate Ins. Co., No. 13 CV 5933 (JS) (GRB) (E.D.N.Y. Dec. 13, 2013); Dufficy v. Nationwide Mut. Fire Ins. Co., No. 13 CV 6010 (SJF) (AKT) (E.D.N.Y. Dec. 2, 2013).

Rather than require each judge to resolve motions to dismiss such claims, plaintiffs are ORDERED within 14 days of the Order to voluntarily withdraw such claims, or if not, submit a letter to the assigned judge, explaining the legal basis for continuing to pursue such claims in any

---

[3]Counsel should ensure that when relating cases, the cases are filed in the proper courthouse in accordance with the Eastern District Division of Business Rule, Local Rule 50.1(d).

particular action.

IV.     Uniform Automatic Discovery Practices in Sandy Cases

        The parties generally agree that a uniform, automatic discovery procedure should be

adopted to speed resolution of these matters while also reducing costs for the parties and the

burdens on the Court.  Counsel advise that, in FEMA cases, insurers are compensated based upon

the total payout such that as long as damages are properly documented, carriers have an incentive to

pay.  Accordingly, rather than waiting for the Court to schedule a Rule 16 conference, the parties

are directed to disclose certain information in an expedited manner so that the parties can evaluate

their respective cases.  The following discovery schedule shall control the first phase of discovery

in Hurricane Sandy cases in lieu of the initial disclosures required by Federal Rule of Civil

Procedure 26 to avert the need for a Rule 16 conference in these cases and, in the absence of a

showing to the contrary, the need to serve document requests and interrogatories.

        A.     Automatic Disclosures by Plaintiffs

               1.      Within 60 days of the date of this Order (or in the case of subsequently filed

                       cases, within 60 days of the filing of the Answer) unless such information

                       has already been provided or appears on the face of the complaint, plaintiffs

                       in all Hurricane Sandy cases shall provide the following information to

                       defendants' counsel:

                       a.      the complete name of each insurer and all policy numbers for each

                               policy of insurance held by, or potentially benefitting each plaintiff

                               and/or property on the date of the loss (including without limitation

                               wind, flood, fire or a combination thereof), and all claims numbers

                               for any claims made for losses relating to Hurricane Sandy;

6

b.   the address of each property for which a loss is claimed;

c.   the current address of each plaintiff property owner;

d.   an itemized statement of claimed damages for each property, including contents; if the contents claim is no longer in dispute, a statement to this effect must be made;

e.   a statement as to whether there have been any amounts paid or offered to be paid under the policy, and if so, the difference claimed in this suit, including an itemization of those items for which plaintiff is making a claim of underpayment and any supporting documentation;

f.   if no payments have been made or offered, a statement of the reasons provided by defendant;

g.   whether there have been any prior attempts at arbitration or mediation; and

h.   identify any other Hurricane Sandy related lawsuits filed or contemplated for that particular property or plaintiff.

2.   Within 60 days of this Order (or in the case of subsequently filed cases, within 60 days of the filing of the Answer), plaintiffs shall produce to defendants' counsel the following documents:

a.   all documents supporting or evidencing the claimed loss, including loss estimates from other insurers, any adjuster's reports, engineering reports, contractor's reports or estimates; photographs, claim log notes, documents relating to repair work performed after Hurricane Sandy, including contracts, bids, estimates, invoices or work tickets

7

for completed work;

b.     all documents reflecting any payments received to date from any insurer, FEMA, or from any other governmental program federal, state or local;

c.     with respect to flood damage claims, all documents relied upon by plaintiff as satisfying Proof of Loss requirements and documentation required by SFIP 44 C.F.R. Pt. 61, App.A(1), Art. VII(J)(3),(4);

d.     any written communications exchanged between the insured or insurer relative to the claimed loss, including any proof of loss required by the applicable policy.

B.    <u>Automatic Disclosure by Defendants</u>

1.    Within 60 days of the date of this Order (or in the case of subsequently filed cases, within 60 days of the filing of the Answer), defendants in all Hurricane Sandy cases shall provide the following information to plaintiffs:

a.     if no payment on the policy has been made or offered, an explanation for the declination of coverage, including but not limited to:

    i.     any policy exclusions that apply;

    ii.    whether coverage is denied due to non-payment of premiums;

    iii.   if there is a dispute as to the nature of the damage incurred and its coverage under the policy;

    iv.   if there is a dispute as to the value of the claimed losses, and

    v.    any other legal basis on which coverage has been denied.

b.     if payment on the policy has been made or offered, defendant's understanding of the nature of the dispute;

8

        c.      whether mediation or arbitration has been attempted in the case.

   2.    Within the same 60-day period, defendants are ORDERED to provide the following documents and information to plaintiffs' counsel:

        a.      all non-privileged documents contained in the claims file pertaining to the subject policy, including any letters of declination of coverage and notices of nonpayment of premiums;

        b.      any documentation relating to an assessment of the claimed loss, including all loss reports and damage assessments, adjuster's reports, engineering reports, contractor's reports, photographs taken of the damage or claimed losses, and any other evaluations of the claim;

        c.      the names and addresses of the adjusters for each claim;

        d.      all claim log notes;

        e.      records of payments made to the insured pursuant to the policy;

        f.      all expert reports and/or written communications that contain any description or analysis of the scope of loss or any defenses under the policy.

Nothing in this Order shall be construed to limit the information to be exchanged in any particular case. Counsel for each party is encouraged and expected to provide any information that would reasonably be helpful to their adversary in evaluating the case for mediation/arbitration purposes. Any information not exchanged during this period cannot be used in the mediation/arbitration process. The parties are strongly urged to meet and confer in good faith on the exchange of information.

### C.   Privilege

A party shall produce a privilege log for those documents that it is not producing on the basis of privilege 14 days prior to the completion of the production described in Section IV above. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Documents for which a privilege is properly asserted include communications between counsel and client, documents created in anticipation of litigation, communications between or among plaintiffs' counsel, and communications between or among non-insurer defendants' counsel, insurer defendants' counsel and their respective clients. Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports and other expert analyses, including draft reports, are not privileged and should be produced.

### V.   Alternative Dispute Resolution

Within 14 days of the completion of the expedited discovery procedure outlined above, the parties are Ordered to submit a Notice of Arbitration in accordance with Local Rule 83.7 in the form attached hereto as Exhibit C, or in the alternative, the parties may submit a stipulation in the form attached as Exhibit D, consenting to mediation. All arbitrations and mediations are to be concluded within three months of submission of the Notice of Arbitration or Consent to Mediation. Mediation may, at the discretion of the Court, be conducted by a magistrate judge rather than a mediator. Cases that are not resolved through arbitration, mediation, or voluntary settlement will be returned to the assigned district judge and magistrate judge for trial.

Within 14 days of the date of this Order, Defendants' Liaison Counsel is Ordered to confer with defendants' counsel and provide the Committee with a list of commonly occurring legal issues and defenses that defendants anticipate, from experience, may arise in a number of these cases,

along with relevant case law or other authority addressing these issues.

Within 7 days thereafter, Plaintiffs' Liaison Counsel is Ordered to confer with plaintiffs' counsel and provide the Committee with any contrary legal authority addressing the issues and defenses identified by Defendants' Liaison Counsel, and provide the Committee with any other issues that plaintiffs anticipate may arise in these cases.

While the ultimate determination of any such legal issue or defense may well be fact driven, and the outcome of any legal defense or issue will be determined by the individual judge assigned to each case, the Committee seeks this information in order to educate and fully prepare our mediators and arbitrators with the hope of expediting the settlement process. These submissions are intended to be summary in nature and may be made by letter; they are not intended to be full briefs on the issues.

**SO ORDERED**.

Dated: Brooklyn, New York
       February 21, 2014

/S/  CHERYL L. POLLAK
Cheryl L. Pollak
United States Magistrate Judge

/S/  GARY R. BROWN
Gary R. Brown
United States Magistrate Judge

/S/  RAMON E. REYES, JR.
Ramon E. Reyes, Jr.
United States Magistrate Judge

## Exhibit A

List of Misjoined Cases by Docket Number[1]

Docket No.

13-5967 (DLI) (VMS)

13-5972 (PKC) (LB)

13-6008 (PKC) (RML)

13-6009 (CBA) (JMA)

13-6792 (ARR) (RER)

13-6873 (NGG) (JMA)

13-6876 (JS) (ARL)

13-7209 (ERK) (VVP)

13-5956 (BMC) (RML)

13-5962 (KAM) (RLM)

14-23 (JG) (VMS)

14-24 (ENV) (MDG)

13-6001 (ADS) (ARL)

13-6013 (JFB) (ARL)

13-6022 (JFB) (WDW)

13-6273 (LDW) (WDW)

13-5923 (ADS) (AKT)

14-110 (JS) (AKT)

---

[1]This list was compiled from the spread sheet provided by plaintiffs to the court as of January 31, 2014 and may not reflect certain reassignments that may have occurred since that date.

**Exhibit B**

List of Related Cases[1][*]

| Plaintiff | Property | Defendants | Docket Nos. |
|---|---|---|---|
| Israel | 10 Suffolk Walk | Allstate<br>Occidental Fire | 13-6686 (KAM, JO)<br>14-23 (JG, VMS) |
| Wade | 100 East Hudson | Nationwide<br>Hartford | 13-7000 (SJF, ARL)<br>N/A |
| Maiorana | 107 Cuba Ave. | Standard Fire<br>Occidental | 13-6926 (WFK, RER)<br>14-25 (DLI, CLP) |
| Halligan | 11 Graham Pl. | FEMA<br>Charter Oak | 13-6596 (FB, MDG)<br>13-6013 (JFB, ARL) |
| Thomson | 111 Hett Ave. | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-6934 (RRM, CLP) |
| Little | 115 Oceanside Ave. | Narragansett<br>FEMA | 13-5968 (FB, VMS)<br>13-6603 (PKC, RML) |
| Buckley | 12½ Neptune Walk | American Bankers<br>Narragansett | 13-6291 (JG, JMA)<br>13-5968 (FB, VMS) |
| Faulkener | 125 Bedford Ave. | Narragansett<br>Selective Ins. | 13-5968 (FB, VMS)<br>14-170 (JFB, AKT) |
| Mastey | 13008 Cronston Ave | Allstate<br>Narragansett | 13-6698 (FJ, RER)<br>13-5968 (FB, VMS) |

---

[1]This list was compiled from the spread sheet provided by plaintiffs to the court as of January 31, 2014 and may not reflect certain reassignments that may have occurred since that date.

[*]To the extent that docket numbers on this list, including but not limited to 13-5914, 13-5964, 13-5968, 13-6291, 13-6818, 13-5995, and 13-7073, had misjoined plaintiffs as of January 31, 2014, and thereafter plaintiffs on those dockets were terminated and refiled under new docket numbers, counsel should ascertain that the newly filed cases have been properly related to any other cases relating to the same property.

| | | | |
|---|---|---|---|
| Fugelsang | 14 Ocean Ave. | FEMA<br>Univ.No.Am. | 13-6373 (JG, VMS)<br>13-7209 (ERK, VVP) |
| Erber | 143-01 Rockaway Bch | FEMA<br>Occidental | 13-6592 (ILG, SMG)<br>13-6008 (PKC, RML) |
| Baldeo | 1431 Pearl St. | FEMA<br>Occidental | 13-6579 (ERK, CLP)<br>13-6008 (PKC, RML) |
| Sears | 156 Reid St | American Bankers<br>Narragansett | 13-6291(JG, JMA)<br>13-5968 (FB, VMS) |
| McDonnell | 157 Blackheath Rd | Narragansett<br>Standard Fire | 13-5968 (FB, VMS)<br>13-6891 (ADS, GRB) |
| Arnella | 16 Sutton Pl. | Farmington Cas.<br>Travelers | 14-190 (LDW, AKT)<br>N/A |
| Moran | 17 Deal Rd | FEMA<br>Liberty Mutual | 13-6587 (ADS, AKT)<br>13-7301 (NGG, JO) |
| Ryan | 172 Reid Ave.. | Foremost Mutual<br>FEMA | 13-5961 (DLI, RML)<br>13-6611 (JG, RLM) |
| Beaumont | 174 Coronodo St | Wright Nsl Flood<br>Ocean Harbor | N/A<br>13-7073 (SJF, AKT) |
| Gallagher | 175 Beach 128th St | Narragansett<br>Am. Bankers | 13-5968 (FB, VMS)<br>13-6291 (JG, JMA) |
| Ruggiero | 178 Beach 133rd St | Auto Ins. of Hartford<br>Liberty Mut. | 13-5962 (KAM,RLM)<br>13-7313(RRM,MDG) |
| Bennett | 18 Beach 221st St | Liberty Mut.<br>Liberty Mut. Fire | 13-6818 (KAM, CLP)<br>13-7302 (WFK,RML) |
| Connors | 180 Beach 123rd St | Ocean Harbor<br>Allstate | 13-7102 (DLI, JO)<br>13-6656 (FB, RML) |
| Downs | 19 Doris Lane | Liberty Mut. Fire<br>First Liberty | 13-5957 (CBA, CLP)<br>13-6792 (ARR, RER) |
| McGovern | 2Beach 219th St | Standard Fire<br>Occidental Fire | 13-7019 (NG, JO)<br>14-23 (JG, VMS) |

| Cloos | 203 Bayside Ave. | Wright<br>Universal N.Am. | N/A<br>13-7242 (WFK,RLM) |
|---|---|---|---|
| Hadef | 203 Beach 149th St. | Occidental Fire<br>Allstate | 14-24 (ENV, MDG)<br>N/A |
| Phillips | 208 E. 8th Rd | Liberty Mut.<br>Liberty Mut. | 13-7111 (LDW,GRB)<br>N/A |
| Wernick | 210 Sportsman Ave. | FEMA<br>Narragansett | 13-6590 (JFB, WDW)<br>13-5968 (FB, VMS) |
| Farr | 21415 12th Ave.<br>214-215 12th Ave. | Occidental Fire<br>Standard Fire | 14-23 (JG, VMS)<br>13-6981 (SLT, JO) |
| Mellett | 215 Beach 142d St | Amer. Bankers<br>Narragansett | 14-142 (MKB, RER)<br>13-5968 (FB, VMS) |
| Washington | 21620 Rockaway Point | Amer. Bankers<br>Narragansett | 14-208 (MKB, VVP)<br>13-5968 (FB, VMS) |
| Leiner | 237 Beach 118th St | Everest Nsl<br>Hartford Ins. | 13-5975 (DLI, RLM)<br>N/A |
| Ramey | 24 Michigan St | Wright<br>Fireman's Fund | N/A<br>13-5978 (JFB, WDW) |
| Stapleton | 251 W. Fulton St | Narragansett<br>Wright | 13-5968 (FB, VMS)<br>N/A |
| Arnella | 2525 Cedar St | Auto Ins. of Hartford<br>Travelers | 14-110 (JS, AKT)<br>N/A |
| Ferner | 2653 Hewlett Lane | Allstate<br>Standard Fire | 13-6767 (JFB, AKT)<br>13-6904 (LDW,AKT) |
| Mingino | 310 Beach 142 St | Farmington Cas.<br>Standard Fire | 13-5923 (ADS, AKT)<br>13-7024 (RRM, RER) |
| Szajt | 310 E. Shore Dr. | Narragansett<br>Allstate | 13-5968 (FB, VMS)<br>13-6737 (LDW,AKT) |
| Fields | 333 Beach 40th St | Stillwater<br>Wright | 13-6994 (ILG, RLM)<br>N/A |

| | | | |
|---|---|---|---|
| Memi | 335 Beach 145th St | Nationwide Mut. Fire | 13-6001(ADS, ARL) |
| | | Nationwide Prop & Cas. | 13-6009 (CBA, JMA) |
| Curtis | 336 Beach 148th St | Allstate | 13-6712 (BMC, VVP) |
| | | Occidental | 13-6008 (PKC, RML) |
| McKinney | 36 Janet Lane | Allstate | 13-6702 (SLT, VVP) |
| | | Narragansett | 13-5968 (FB, VMS) |
| Febrizio | 365 W. Pine | Wright | N/A |
| | | Stillwater | 13-6999 (LDW,AKT) |
| Hamlet | 378 West Pine | Great Lakes Reins. | 13-5941 (SJF, GRB) |
| | | Wright | N/A |
| Murphy | 413 Beach 134th St | FEMA | 13-6606 (SLT, LB) |
| | | Narragansett | 13-5968 (FB, VMS) |
| 420 Tenants | 420 Shore Rd | Standard Fire | 13-5909 (JFB, GRB) |
| | | CHUBB | 14-10 (JS, WDW) |
| Grzegorski | 426 Beach 138th St | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6984(RRM,MDG) |
| McDonnell | 440 Beach 134th St | American Security | 14-133 (ARR, RLM) |
| | | First Liberty | 13-6792 (ARR, RER) |
| Rudden | 454 Beach 124th St | Standard Fire | 13-6897 (JFB, ARL) |
| | | Universal No. Am | 13-7209 (ERK, VVP) |
| Lindon | 457 Beach 124th St | Liberty Mut. Fire | 13-7312 (FB, RML) |
| | | Liberty Mut. Fire | 13-6873 (NGG, JMA) |
| Mastey | 457 Beach 145th St | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-7010 (RRM, CLP) |
| LaConti | 463 E. Penn St. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| King | 487A Seabreeze Walk | Standard Fire | 13-6951 (SLT, RER) |
| | | Farmington Cas. | 13-5923 (ADS, AKT) |
| Corbett | 51 Waterford Rd | Liberty Mut. Fire | 13-6022 (JFB, WDW) |
| | | American Security | 14-124 (SJF, GRB) |

| | | | |
|---|---|---|---|
| Rayner | 52 California St | Narragansett | 13-5968 (FB, VMS) |
| | | Hartford of Midwest | 14-173 (SJF, WDW) |
| Schlossberg | 522 East Fulton St | Nationwide Mut. Fire | 13-6001 (ADS, ARL) |
| | | Nationwide Mut. Fire | 13-7281 (JS, WDW) |
| Velez | 53 Howard Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Whelan | 541 Beach 129th St | Naragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6973 (JG, MDG) |
| Courtney | 547 Beach 127th St | Standard Fire | 13-6959 (DLI, RLM) |
| | | Universal No. Ame | 13-7209 (ERK, VVP) |
| Jackson | 551 So Ocean Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | American Security | 14-121 (JS, AKT) |
| Mason | 561 Beach 67th St | Allstate | 13-7013 (PKC,MDG) |
| | | American Security | 13-6884 (ERK,MDG) |
| | | Fed. Emerg. Mgmt. | 14-30 (KAM, SMG) |
| Fraser | 561 W. Bay Drive | Narragansett | 13-5968 (FB, VMS) |
| | | FEMA | 13-6580 (JFB, GRB) |
| Wheellock | 569 West Park Ave. | Merrimack Mut. | 13-5981 (JFB, ARL) |
| | | Fidelity | 13-7004 (ADS, ARL) |
| Demic | 60 Ocean Ave. | Allstate | 13-6663 (NG, JO) |
| | | Liberty Mut. | 13-6873 (NGG, JMA) |
| Peterson | 618 Beach 66th St | Nationwide | 13-6009 (CBA, JMA) |
| | | Underwriters at Lloyds | 13-7306 (MKB,MDG) |
| Wolken | 68 W. 18th Rd | Safeco Ins. | 13-5967 (DLI, VMS) |
| | | Metro. Prop. & Cas. | 13-6273 (LDW,AKT) |
| Kyne | 683 Highland Pl. | Narragansett | 13-5968 (FB, VMS) |
| | | American Bankers | 13-6291 (JG, JMA) |
| 7001 E.71st LLP | 7001E.71 St | Continental Cas. | 13-638 (RJD, SMG) |
| | | Chubb | 13-2898(MKB,MDG) |
| | | State court Kings Cty | 506259/2013 |

| | | | |
|---|---|---|---|
| Mussman | 77 Oregon St | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6911 (ADS, GRB) |
| Quinn | 8 Hastings Rd | Wright | N/A |
| | | Charter Oak Fire | 13-6013 (JFB, ARL) |
| Dolan | 804 Bayside | Safeco | 13-5967 (DLI, VMS) |
| | | Standard Fire | 13-6974 (NG, JO) |
| Salle | 81 Buffalo Ave. | Allstate | 13-6020 (SJF, GRB) |
| | | Allstate | 13-6016 (ADS, GRB) |
| Brenner | 849 Ocean Front | Hartford Ins. Midwest | 14-126 (JS, ARL) |
| | | Hartford Ins. Midwest | 13-5924 (JS, WDW) |
| McKnight | 85 Ohio Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Hernandez | 85 Pearsall St | Fidelity & Deposit | 13-6906 (NGG, VVP) |
| | | FEMA | 13-6599 (ARR, RER) |
| Hommel | 905 West Park Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Wright | N/A |
| Badamo | 910 Lanark Rd | Amer. Security | 13-5964 (DLI, VVP) |
| | | FEMA | 13-6575 (JG, MDG) |
| | | First Liberty | 13-6792 (ARR, RER) |
| Fox | 95 Penna. Ave. | Narragansett | 13-5968 (FB, VMS) |
| | | Standard Fire | 13-6905 (JS, ARL) |
| Campbell | 979 Bayside | Genl Cas.of Wisc. | 13-7263 (NGG, JO) |
| | | FEMA | 14-154 (RJD, CLP) |
| Guttueri | 1212 Cross Bay Blvd. | Liberty Mutual | 13-6818 (KAM, CLP) |
| | | Liberty Mutual Fire | 13-7393 (WKF, JMA) |
| Duggen | 20409 10th Ave | Occidental | 13-6008 (PKC, RML) |
| | | Standard Fire | 13-7022 (FB, CLP) |
| Carey | 130 Beach 128th St. | First Liberty | 13-5946 (NG, MDG) |
| | 133-06 Rockaway Beach Blvd. | Narragansett | 13-5968 (FB, VMS) |
| Nicasio | 109-20 Rockaway Beach Blvd. | Wright | N/A |
| | | Wright | N/A |

**Exhibit C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

                                                        14 MC 41

----------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

----------------------------------------------------------------X

NOTICE DESIGNATING CASE TO COURT ANNEXED ARBITRATION

       This case has been designated to participate in the Court Annexed Arbitration Program pursuant to Local Civil Rule 83.7(d) wherein money damages only are being sought.

       After the exchange of the first phase of discovery in Hurricane Sandy cases as mandated by Case Management Order No. 1, an arbitration hearing will be set. The Arbitrator shall be selected from the Court's Panel of Arbitrators. Instructions will be provided when a hearing date has been set. It is not anticipated that matters selected for Arbitration will require discovery directions. If a dispute arises which requires a ruling on a question related to discovery, you must move promptly before the assigned magistrate judge, unless otherwise directed by the Court. Attorneys cannot adjourn or change the arbitration hearing date without approval from the Court.

       Requests to **Adjourn an Arbitration** Hearing: Must be filed as a motion via ECF to the assigned district judge or magistrate judge.

       **Telephone calls to request adjournment of an Arbitration hearing will not be considered.** Counsel and pro se litigants should provide the Court with an email address for notification purposes.

       You may refer to the Local Civil Rules for Arbitration of the U.S. District Court, Eastern District of New York on our web site, www.nyed.uscourts.gov/adr.

Dated:

## Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

                                                            14 MC 41


------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:


------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1.      The parties agree to submit their dispute to mediation in lieu of arbitration.

2.      No party shall be bound by anything said or done during the Mediation, unless either a
        written and signed stipulation is entered into or the parties enter into a written and signed
        agreement.

3.      The Mediator may meet in private conference with less than all of the parties.

4.      Information obtained by the Mediator, either in written or oral form, shall be confidential
        and shall not be revealed by the Mediator unless and until the party who provided that
        information agrees to its disclosure.

5.      The Mediator shall not, without the prior written consent of both parties, disclose to the
        Court any matters which are disclosed to him or her by either of the parties or any matters
        which otherwise relate to the Mediation.

6.      The mediation process shall be considered a settlement negotiation for the purpose of all
        federal and state rules protecting disclosures made during such conferences from later
        discovery or use in evidence.  The entire procedure shall be confidential, and no
        stenographic or other record shall be made except to memorialize a settlement record.
        All communications, oral or written, made during the Mediation by any party or a party's
        agent, employee, or attorney are confidential and, where appropriate, are to be considered
        work product and privileged.  Such communications, statements, promises, offers, views
        and opinions shall not be subject to any discovery or admissible for any purpose,
        including impeachment, in any litigation or other proceeding involving the parties.

Provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this mediation process.

7.  The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

8.  The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to: the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation, and (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation, and (iii) shall not offer into evidence any statements, views or opinions of the Mediator.

9.  The Mediator's services have been made available to the parties through the dispute resolution procedures sponsored by the Court.  In accordance with those procedures, the Mediator represents that he has taken the oath prescribed by 28 U.S.C. 453.

10. Any party to this Stipulation is required to attend at least one session and as many sessions thereafter as may be helpful in resolving this dispute.

11. An individual with final authority to settle the matter and to bind the party shall attend the Mediation on behalf of each party.

Dated: _____

_____          _____
Plaintiff                             Defendant

_____          _____
Attorneys for Plaintiff               Attorneys for Defendant

Consented to: _____
                    Mediator