UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE HURRICANE SANDY CASES

-------------------------------------------------------------X

THIS DOCUMENT APPLIES TO:

**ALL RELATED CASES**

-------------------------------------------------------------X

**ORDER**

14 MC 41

CASE MANAGEMENT ORDER NO. 8

On June 19, 2014, the Hurricane Sandy Committee of Magistrate Judges met with Plaintiffs' and Defendants' Liaison Counsel, as well as counsel for FEMA, to address a number of issues that have arisen during the course of preparing the Hurricane Sandy cases for mediation.

A.  "Placeholder" Proofs of Loss

In an effort to determine the best way to proceed with the nearly 200 cases in which plaintiffs filed initial proofs of loss based on formulaic estimates prepared by Canopy Claims, FEMA is Ordered to provide briefing on the following questions by **July 7, 2014**.

> (1) Since the deadline for filing proofs of loss has not yet expired, is there any reason why plaintiffs who submitted "placeholder" proofs of loss should not be allowed to withdraw their current federal complaints without prejudice, submit new proofs of loss that conform to the NFIP, and proceed administratively with their claims? With respect to

1

this issue, FEMA should consider whether it is bound by the representations in its June 6th letter, which appear to suggest this process.  (See FEMA Ltr. 06/06/14[1] at 1-3).

(2) If withdrawal of such proofs of loss and related complaints is done on consent, will FEMA also agree to withdraw the denial letters, thus averting the need to grapple with potential statute of limitations issues, allowing court review should claims not be resolved through the administrative process?

(3) Will the answers to Questions 1 and 2 above depend upon whether FEMA is satisfied that there was no fraud, misrepresentations, or false statements made in connection with the original "placeholder" proof of loss?  If so, what is the suggested procedure for resolving these issues?

(4) In lieu of the procedure set forth in Questions 1 and 2, would FEMA consent to allow plaintiffs to proceed in the existing actions based on the supplemental proofs of loss that were already filed?

Plaintiffs' Liaison Counsel are Ordered to respond to FEMA's submission by **July 21, 2014**.  Defendants' Liaison Counsel for the WYO carriers are Ordered to brief their position to the Court by **July 28, 2014**.

---

[1] Citations to "FEMA Ltr. 06/06/14" refer to FEMA's letter, filed on June 6, 2014, Docket Number 397.

B.  Conflicts Checks for Hurricane Sandy Mediators

Given the concern raised by some defense counsel regarding the possibility that certain of the Hurricane Sandy mediators may have personally experienced losses from the storm and made claims from their own insurance companies (see Defs.' Liaison Ltr. 06/17/14[2] at 1), the Court will confirm that all mediators are aware of the general conflict rules followed by this Court's mediators and the mediators will ensure that there is no conflict.

C.  FEMA's Presence at Mediations

Plaintiffs' counsel has requested that the Court Order FEMA to have a representative present at every mediation with the hope that this will expedite settlement. (See Pls.' Liaison Ltr. 06/09/14[3] at 2-3). Having considered all parties' positions, including FEMA's concern about lack of resources, the Court denies plaintiffs' request. If a waiver from FEMA is required in order to finalize a settlement otherwise reached between the parties, the Court will mark the case settled, subject to FEMA's approval of the requested waiver, and give FEMA adequate time to review the request.

D.  Canopy Claims Conflict Issue

Defendants' Liaison Counsel raised a concern in a submission to the Court dated June 18, 2014, that the firm of Gauthier, Houghtaling & Williams (the "Gauthier" firm) may have a financial interest in Canopy Claims that raises a potential conflict of interest, and at the very

---

[2]Citations to "Defs.' Liaison Ltr. 06/17/14" refer to the letter submitted by Mr. Jared Greisman on behalf of defense counsel on June 17, 2104, Docket Number 412.

[3]Citations to "Pls.' Liaison Ltr. 06/09/14" to the letter submitted by Ms. Tracey Rannals Bryan on June 9, 2014, Docket Number 399.

least, the appearance of impropriety. (See Defs.' Liaison Resp. 06/18/14[4] at 13-14). This question stems from certain information gleaned during the recent deposition of a Canopy Claims representative. (See id.)

The Gauthier firm is Ordered to investigate this issue and provide a response to the Court by **July 7, 2014**. Any other interested party may file a response thereto on or before **July 14, 2014**.

E.  Discovery Issues

The Court reaffirms its Order in CMO 1 requiring plaintiffs in each case to produce all receipts, invoices, bank records, or other proof of payment for repairs that have been completed (see CMO 1 at 6-8), and Orders that such materials be produced to defendants by **July 31, 2014**. Plaintiffs' counsel are directed to provide this discovery on a rolling basis. If the plaintiff(s) in any case have no such documentation in their possession, custody or control, they should so state in their responses and they are further Ordered to provide by **July 31, 2014** the names and addresses of any workmen, contractors, or subcontractors who performed repair work on their home.

Defendants are hereby authorized to seek additional documentation from these third party contractors through subpoena, provided, however, that the subpoena process is conducted diligently so as not to further delay proceedings.

F.  Legal Issues

It has become apparent that certain issues cannot be resolved at mediation without certain

---

[4] Citations to "Defs.' Liaison Resp. 06/18/14" refer to the Response of Defense Liaison Counsel For The NFIP Cases to Four Letters, filed on June 18, 2014, Docket Number 413.

additional steps being taken:

(1) The first of these issues involves claims of damage which the defendants believe may be excluded under the basement exclusion to the various policies. By **June 30, 2014**, defendants are Ordered to provide a list of those cases that they believe fall within the basement exclusion. In those cases where plaintiffs believe that the damaged area does not satisfy the definition of "basement" for purposes of the exclusion, the parties are Ordered to agree upon a surveyor by **July 7, 2014**. The surveyor will be sent to the affected properties to prepare a report, and the report will be due by **August 4, 2014**. The cost of the surveyor will be shared between the parties.

(2) The second issue involves the "earth movement" exclusion. The defendants are asked to identify those cases in which they claim that the damage caused to the home was the result of earth movement rather than flooding by **July 7, 2014**. In those instances, the parties are directed to exchange expert reports by **August 4, 2014**. Hearings will then be scheduled to resolve these issues.

G.  Mr. Delgado's Letter

In a letter dated June 6, 2014, Javier Delgado of the Merlin Group, raised four questions which were addressed at the conference (see Pls.' Liaison Ltr. 06/06/14[5] at 1):

(1) Question 1 asks if a deficiency estimate needs to be provided if none exists. The

---

[5] Citations to "Pls.' Liaison Ltr. 06/06/14" refer to the letter submitted by Mr. Javier Delgado on June 6, 2014, Docket Number 396.

Court Orders that if such an estimate exists, it needs to be disclosed. If no such estimate exists, it does not need to be created specifically for the purpose of discovery.

(2) Question 2 asks whether plaintiffs' provision of contact information for a contractor or sub-contractor will suffice if the plaintiffs no longer have an invoice or one was never created. In accordance with Part E above, the Court confirms that plaintiffs are to provide contact information for the people performing repairs and that such information will suffice for purposes of moving forward with the mediation process. Whether that information will be sufficient for trial or summary judgment purposes is not addressed by this Order and defendants have not waived any right to obtain further discovery into these issues should it become necessary.

(3) Question 3 asks if plaintiffs have to provide an accounting of what a prior insurance payment was used for. To the extent that this question is referring to a prior payment received as a result of an earlier claim due to an earlier storm, the answer is that plaintiffs are required to provide information as to repairs made or not made after that earlier storm, to the extent that the same areas were damaged by Hurricane Sandy. To the extent that this question refers to the way in which monies already received as reimbursement for damage sustained in Hurricane Sandy were used, plaintiffs do not have to provide an itemization of how the monies were spent, except to the extent that the monies were used to effect repairs on the house. Monies spent on alternative housing or other items not covered by the insurance need not be disclosed.

(4) Question 4 asks if plaintiff has to produce an itemization of the amount charged by a

contractor for work performed if the contractor's invoice only listed a lump sum amount. Again, plaintiffs are only Ordered to produce what they have; any further information as to a breakdown of the invoice, if necessary, may be obtained through a subpoena to the contractors, and plaintiffs are Ordered to provide that information as indicated in Part E above.

H. <u>Motions</u>

Defendants' Liaison Counsel asked whether defendants were permitted to file dispositive motions at this time. Defendants were cautioned to consider carefully whether such motions are truly dispositive before filing them and were further advised to consult the individual judges' rules in each case before filing any such motions. Many of the judges of this Court require the submission of pre-motion conference letters prior to filing certain motions. Failure to comply with a judge's rules may result in denial of the motion.

All defendants' counsel who seek to file such motions are Ordered to provide notice of same with Defendants' Liaison Counsel and the Magistrate Judges Committee prior to making the motion.

I. <u>The Issue of Replacement Cost Value or Actual Value</u>

In their recent letters, the parties have raised certain issues regarding the kind of proof required under the two methods of valuation – replacement cost value or actual value. (<u>See</u> Pls.'

Liaison Mem. 6/10/14;[6] Defs.' Liaison Mem. 06/17/14[7]). The Committee will hear oral argument on these issues on a date to be set in a future order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.
Dated: Brooklyn, New York
      June 24, 2014

      /S/   CHERYL L. POLLAK
Cheryl L. Pollak
United States Magistrate Judge

      /S/   GARY R. BROWN
Gary R. Brown
United States Magistrate Judge

      /S/ RAMON E. REYES, JR.
Ramon E. Reyes, Jr.
United States Magistrate Judge

.

---

[6] Citations to "Pls.' Liaison Mem. 06/10/14" refer to Plaintiffs' Liaison Counsel's Memorandum on The Loss Settlement Clause of The NFIP, filed on June 10, 2104, Docket Number 401.

[7] Citations to "Defs.' Liaison Mem. 06/17/14" refer to Defendants' Liaison Counsel's Memorandum on The Loss Settlement Clause of The NFIP, filed on June 17, 2104, Docket Number 410.